## ATKINS v. STATE OF TEXAS et al.

### No. 13829.

United States Court of Appeals
Fifth Circuit.

May 2, 1952.

Glenn Dale Atkins, pro. per.

Willis E. Gresham, Asst. Atty. Gen., Texas, for appellee.

Before HOLMES, RUSSELL and RIVES, Circuit Judges.

RUSSELL, Circuit Judge.

It appears from the record in this case that it is an attempted appeal from one of numerous applications made to the United States District Court for the writ of *habeas corpus*, in which the petitioner, in custody by virtue of State process, seeks discharge from detention. In each instance, and in the final order of September 19th, 1951, the Court declined to either award the writ of *habeas corpus* or to enter a show cause order. The petitioner seeks to appeal from this final order. The trial Court declined to issue a certificate of probable cause. Upon our consideration of the record to determine if probable cause exists, we discover that the record is barren of any showing that there has been an exhaustion of State remedies available to the petitioner. It also appears that there are no circumstances of peculiar urgency in the case. However, subsequent to the judgment of the trial Court, the petitioner mailed to it a copy of an order of the Supreme Court of the United States denying a petition for the writ of certiorari to the Supreme Court of the State of Texas, 336 U.S. 946, 69 S.Ct. 805, 93 L.Ed. 1103. This has been forwarded here, but not as a part of the record, by the Clerk of the trial Court, together with a letter from the petitioner to the trial judge in which he states that this shows an exhaustion of State remedies. However, these papers are not a part of the record; they were not brought to the attention of the trial Court prior to its determination of the matter, and nothing appears to disclose the nature of the proceeding or its legal relation to the present case. In these circumstances, we decline to issue a certificate of probable cause, and accordingly the appeal must be dismissed,[1] and we so order, but without prejudice to the petitioner.

Dismissed.

---

1. Seymour v. Ellis, 5 Cir., 196 F.2d 495, and citations.