Glenn Dale **ATKINS**, Appellant,

v.

**H. E. MOORE**, Warden, The Texas State Penitentiary, Huntsville, Texas, et al., Appellees.

No. 15143.

United States Court of Appeals, Fifth Circuit.

Jan. 20, 1955.

Glenn Dale Atkins, in pro. per.

John Ben Shepperd, Atty. Gen., of Texas, Willis E. Gresham and J. Fred Jones, Asst. Attys. Gen., for appellee.

Before BORAH, and TUTTLE, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM.

Petitioner below, appellant here, a prisoner in custody under a state court sentence, sought habeas corpus relief therefrom. The district judge denied the petition and also refused to issue a certificate of probable cause, and the appellee, through the Attorney General of the State of Texas, has moved to dismiss the appeal on the ground that, in the absence of a certificate of probable cause as required by Section 2253, Title 28 U.S. C.A., this Court is without jurisdiction to entertain the appeal.

When this case was here before we found that the record was barren of any showing that there had been an exhaustion of State remedies available to the petitioner and because of this circumstance we declined to issue a certificate of probable cause and dismissed the appeal but without prejudice to the petitioner, Atkins v. State of Texas, 5 Cir., 196 F. 2d 495, 496.

Upon our examination of the record on the present appeal to determine whether such a certificate should be issued and the appeal allowed we find that not only is it made to appear that there has been an exhaustion of State remedies but also that the contention made of a denial of due process is meritorious. Being therefore of the opinion that there exists probable cause for an appeal we, the judges of this Court, join in issuing such certificate.

Petitioner was tried for murder in the first degree, a capital penalty. He contends that the trial court did not appoint counsel for him until the day of his trial and that he had no consultation whatsoever with the state-appointed counsel concerning his defense prior to the trial and, in effect, that his representation by counsel was *pro forma*. It

seems clear to us that, if what the petitioner alleges is true, his conviction should not be allowed to stand, for in a capital case it is the duty of the court to assign counsel to the defendant and as the Supreme Court declared in Powell v. State of Alabama, 287 U.S. 45, 71, 53 S.Ct. 55, 65, 77 L.Ed. 158, " * * * that duty is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case." We accordingly hold that by the issuance of a show cause order or otherwise, petitioner should be afforded an opportunity of developing a record upon which his rights may be intelligently and certainly determined.

We do not know what facts the hearing will produce and consequently we do not intimate an opinion on the merits. We hold only, that if the allegations charged are proven, petitioner has been deprived of his liberty without due process of law.

Reversed.